ADAM PAUL LAXALT
Attorney General
SHANNON C. RICHARDS
Deputy Attorney General
Nevada Bar No. 9660
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3127
Fax: (702) 486-3871
Email: srichards@ag.nv.gov
*Attorneys for Amber Howell, Steve McBride, Richard Gloeckner, James Goodson, Russell Taylor, Shaun Briley, John Olson and Deborah Knotts*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL VARGAS, individually

Plaintiff,

vs.

AMBER HOWELL, Administrator of the Nevada Division of Child and Family Services in her individual capacity; STEVE MCBRIDE, Deputy Administrator of Nevada Youth Training Center in his individual capacity; RICHARD GLOECKNER, Superintendent, Nevada Youth Training Center in his individual capacity; ROBERT K. STOKES, Elko County Manager in his individual capacity; ELKO COUNTY; JAMES GOODSON, Head Group Supervisor, in his individual capacity; RUSSELL TAYLOR, Assistant Head Group Supervisor, in his individual capacity; GARY PATTERSON, Group Supervisor, in his individual capacity; SHAUN BRILEY, Group Supervisor, in his individual capacity; JOHN OLSON, Group Supervisor, in his individual capacity; DEBORAH KNOTTS, Correctional Nurse, in her individual capacity; DOE OFFICERS I-X, DOE HEALTH CARE PROVIDERS I-X, DOES I-X, inclusive, DOES XI-XX, Inclusive, ROSE I-X,

Defendants.

CASE NO.: 2:14-cv-1942-JCM-CWH

**CONFIDENTIALITY STIPULATION AND ORDER**



Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1. To the extent that relevant, non-privileged material contained in the juvenile records maintained by the State of Nevada Department of Health and Human Services and Division of Child and Family Services (the "Division") may be discoverable in this action, the parties stipulate that this Court may find, and this Court does so find, that such material may be necessary for the determination of an issue before the Court and, therefore, may be disclosed to the Court and to the attorneys representing the Plaintiff and Co-Defendants, provided that such disclosure occurs only in strict accordance with the terms of this Order.

2. To the extent that any of the records discoverable in this action and that are produced in this action include Plaintiff's date of birth and social security number the parties stipulate that this Court may find, and this Court does so find, that such material is deemed confidential and may be disclosed to the Court and to the attorneys representing the Plaintiff and Co-Defendants, provided that such disclosure occurs only in strict accordance with the terms of this Order and any applicable federal or local rule.

3. The parties acknowledge, and the Court finds, that Plaintiff, DANIEL VARGAS' ("Danny") juvenile delinquency records, which are the subject of this Confidentiality Stipulation and Order (referred to herein as "Confidentiality Order" or "Order"), contain information that is generally protected from disclosure to the public by Nevada statute, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone not a party to this litigation, including but not limited to third parties or publication media in any format, except in strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of the Division which are otherwise deemed public records.

4. Information contained in the Division's records which is deemed confidential pursuant to Nevada statute and which is the subject of this Confidentiality Order or pursuant to any subsequent Court Order, and Plaintiff's date of birth and social security number, shall be used only for pretrial proceedings in this litigation, preparation for trial, the trial of this action, any post-trial proceedings and any appeal, subject to the terms of this Order, and shall not be used without the express written consent of Danny or his counsel.

/ / / /

5. The parties may not disclose or discuss any confidential material or information produced pursuant to this Confidentiality Order to any person other than the Court and Court personnel; Court reporters and stenographic reporters working in this matter; attorneys engaged in the prosecution and defense of this action including the regular staff of all such attorneys; the parties, experts and consultants retained by the parties for purposes of this litigation; witnesses and their counsel at depositions or at any hearing or trial held herein or in connection with preparation for such hearing or trial; employees of a party, expert or consultant to the extent reasonably deemed necessary by counsel for the purpose of assisting in the prosecution or defense of this action, and only on the condition set forth in paragraph 5 below.

6. If a party provides any person other than a party, counsel for a party, or a direct employee of such counsel, access to information pursuant to paragraph 5 hereof, without the express written consent of Danny or his counsel, the providing party shall give a copy of this Order to the person given access to the information. The providing party shall then require the signature of the person given access to this information, on the Statement of Confidentiality attached hereto and made a part hereof as Exhibit A, prior to furnishing access to information cover by this Order. Such persons shall then be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or Order of this Court to receive such information. Copies of the executed Statement of Confidentiality shall be provided to all counsel to this action within five (5) business days of execution.

7. Any confidential material produced pursuant to this Confidentiality Order containing the identity of a juvenile other than Plaintiff may only be filed with the Court and made available to the public if references to individual juvenile, other than Plaintiff, are made by using either initials or a pseudonym agreed to by the parties, unless the referenced juvenile has reached the age of majority and consents to the use of his or her name in writing. The same shall apply to references stated in open court.

8. Unless otherwise ordered by the Court, any electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number or birth date, the name of an individual known to be a minor, or a financial account number will comply with Fed. R. Civ. P. 5.2.

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

9. Any confidential material produced pursuant to this Confidentiality Order containing the identity of a juvenile other than Plaintiff may be discussed with or disclosed however, either orally or in writing, to anyone not a party to this litigation, including but not limited to third parties or publication media in any format, with the express written consent of the referenced juvenile, provided he or she has reached the age of majority.

10. Any willful violation of the terms of this Confidentiality Order may result in sanctions to be determined by the Court upon motion, up to and including exclusion from evidence of information released or communicated in violation of this Confidentiality Order.

11. At the conclusion of this case, all discovery material produced pursuant to this Confidentiality Order, or another Court Order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material that the documents were destroyed. Notwithstanding the foregoing, counsel may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, a copy of the confidential material produced in this case and any attorney work product reflecting confidential material.

12. The Confidentiality Order and the related Statements of Confidentiality executed hereunder, shall remain in force and effect in perpetuity and shall survive this litigation.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**Attorney General's Office**
555 E. Washington, Suite 3900
Las Vegas, NV 89101

13. The parties acknowledge that the parties have stipulated to the terms of this Confidentiality Stipulation and Order, intending that it shall govern disclosures of material from records of the Division, unless and until such time as the Court modifies this Order. Nothing contained herein is intended to limit the parties' access to the Court or their ability to seek or modify this Order.

Dated this 21st day of May, 2015.

LASSO INJURY LAW, LLC

By: /s/ Al Lasso
AL LASSO, ESQ.
State Bar No. 8152
161 Park Run Dr., Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

Dated this 21st day of May, 2015.

ADAM PAUL LAXALT
Attorney General

By: /s/ Shannon C. Richards
SHANNON C. RICHARDS
Deputy Attorney General
State Bar No. 9660
555 E. Washington Ave, Suite 3900
Las Vegas, Nevada 89101
*Attorney for Defendants, Amber Howell, Steve McBride, Richard Gloeckner, James Goodson, Russell Taylor, Gary Patterson, Shaun Briley, John Olson, And Deborah Knotts*

Dated this 21st day of May, 2015.

GENTILE, CRISTALLI, MILLER & ARMENI

By: /s/ Paola M. Armeni
PAOLA M. ARMENI, ESQ.
State Bar No. 8357
COLLEEN E. MCCARTY, ESQ.
State Bar No. 13186
410 South Rampart Boulevard, Suite 420
Las Vegas, Nevada 89145

Dated this 21st day of May, 2015.

THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

By: /s/ Brent T. Kolvet
BRENT T. KOLVET, ESQ
State Bar No. 1597
6590 S. McCarran Blvd.
Reno, Nevada 89509
*Attorneys for Defendants, Robert K. Stokes and Elko County*

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**Exhibit A**

**STATEMENT OF CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in *Daniel Vargas v. Amber Howell, et al.*, United States District Court Case No. 2:14-cv-1942-JCM-CWH, on _____________________, 20____. I understand this Order and agree to abide by its terms by not disclosing confidential information to anyone other than counsel, employees or clerical staff subject to this order, except as required by lawful judicial process.

DATED this _______ day of _________________ 20_____.

_________________________________

NAME

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**ORDER**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that,

The juvenile delinquency records of Daniel Vargas which may be maintained by the State of Nevada, Department of Health and Human Services and Division of Child and Family Services, and which may be discoverable in this action, are confidential and may be released and disclosed in this litigation, *Daniel Vargas v. Amber Howell, et al.*, United States District Court Case No. 2:14-cv-1942-JCM-CWH, only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this 26th day of May, 2015.

UNITED STATES MAGISTRATE JUDGE

Submitted by:

ADAM PAUL LAXALT
Attorney General

By: /s/ Shannon C. Richards
SHANNON C. RICHARDS
Deputy Attorney General
Bar No. 9660
555 East Washington Ave, Suite 3900
Las Vegas, Nevada 89101
*Attorneys for Amber Howell, Steve McBride, Richard Gloeckner, James Goodson, Russell Taylor, Shaun Briley, John Olson and Deborah Knotts*